**UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA SANTA ANA DIVISION**

**In re:** Johnathan Michael Brummel, Debtor.

**Case No.:** 8:26-bk-10486-SC **Chapter 7**

Johnathan Michael Brummel, Plaintiff,

**v.**

United States Department of Education, and Nelnet, Inc., Defendants.

**Adversary Pro. No.:** _____

```
FILED

MAR 26 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:              Deputy Clerk
```

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT UNDER 11 U.S.C. § 523(a)(8)

Plaintiff Johnathan Michael Brummel, proceeding *pro se*, hereby brings this adversary proceeding against the above-named Defendants and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of a particular debt.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**PARTIES** 4. Plaintiff Johnathan Michael Brummel is the Debtor in the above-captioned Chapter 7 bankruptcy case, filed on February 18, 2026. 5. Defendant United States Department of Education is a federal agency that administers, holds, and guarantees the student loans at issue. 6. Defendant Nelnet, Inc. is the current loan servicer for Plaintiff's federal Direct Consolidation student loans.

**FACTUAL ALLEGATIONS** 7. Plaintiff is 46 years old and is currently unemployed. 8. Plaintiff obtained federal student loans to finance his education. The current balance of Plaintiff's federal student loans, including accrued interest, is approximately **$226,682.85**. 9. Plaintiff's employment with the Internal Revenue Service (IRS) was terminated on June 24, 2025, exactly six days before the end of his probation period for a GS-11 position. This termination was related to a documented disability, and Plaintiff currently has a pending Equal Employment Opportunity (EEO) administrative claim and a State Disability Insurance (SDI) claim regarding these events. 10. Plaintiff's unemployment benefits were exhausted

in November 2025, and Plaintiff has had $0.00 in monthly income since that time. 11. Plaintiff relocating to reside with his parents, who provide voluntary support for his basic survival expenses. 12. Plaintiff currently suffers from severe financial distress, highlighted by negative equity in his vehicle, credit card default, and an involuntary IRS tax levy executed on his bank accounts.

**UNDUE HARDSHIP (THE BRUNNER TEST)**

**A. Inability to Maintain a Minimal Standard of Living (Prong 1)** 13. Plaintiff's current monthly gross income is **$0.00**. 14. Requiring Plaintiff to repay these student loans would completely prevent him from maintaining even a minimal standard of living. Plaintiff currently relies entirely on family support to meet basic life necessities.

**B. Persistence of Hardship (Prong 2)** 15. The circumstances that render Plaintiff unable to repay these loans are likely to persist for a significant portion of the repayment period. 16. Given Plaintiff's age, prolonged unemployment, career disruption due to medical/disability circumstances and wrongful termination, ongoing chronic injury elbow pain since May 2025, and complete lack of disposable income, Plaintiff's financial condition has been structurally damaged and is unlikely to improve sufficiently to permit repayment of a **$226,682.85** debt.

**C. Good Faith Efforts to Repay (Prong 3)** 17. Plaintiff has made good faith efforts to repay or manage his student loans. 18. Plaintiff has actively engaged with the loan servicer by participating in Income-Driven Repayment (IDR) programs, specifically the SAVE Plan, which resulted in a calculated $0 monthly payment due to Plaintiff's insolvency. Plaintiff has also utilized administrative hardship forbearances to avoid default. 19. Despite enrollment in the most generous repayment program available, Plaintiff's loan balance continues to grow by approximately **$12,000** per year in interest. The debt is permanently unpayable.

**PRAYER FOR RELIEF** WHEREFORE, Plaintiff respectfully requests that this Court: A. Determine that Plaintiff's student loan obligations owed to Defendants are dischargeable pursuant to 11 U.S.C. § 523(a)(8); B. Enter an order discharging Plaintiff's student loan debt in full; and C. Grant such other and further relief as the Court deems just and proper.

**NOTICE OF REQUIREMENT TO CONFER UNDER FRBP 7026 AND LBR 7026-1**

Plaintiff hereby gives notice that pursuant to Federal Rule of Bankruptcy Procedure 7026 and Local Bankruptcy Rule 7026-1 of the United States Bankruptcy Court for the Central District of California, the parties to this adversary proceeding are required to:

1. Conduct a conference of the parties as required by FRBP 7026 within the time limits set forth therein, unless all defendants default; and

2. Comply with the disclosure and discovery obligations imposed by FRBP 7026 and LBR 7026-1.

Dated: _02/19/2026_____

Respectfully submitted,

**Johnathan Michael Brummel** 255 Radial, Irvine CA 92618 (323)559-1718 johnbrummel@gmail.com *Pro Se* Plaintiff